John Tehranian (SBN 211616)
jtehranian@onellp.com
Robert D. Hunt (SBN 247802)
rhunt@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff
LICKERISH, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LICKERISH, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BARSTOOL SPORTS, INC., a Massachusetts corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 19cv8888<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Lickerish, Inc. ("Lickerish"), by and through its attorneys of record, complains against Barstool Sports, Inc. ("Barstool Sports"), a Massachusetts corporation; and DOES 1 through 10, (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Defendants for willful copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the acts of infringement complained of herein occurred in this Judicial District, the injury suffered by Plaintiff took place in this Judicial District, and the Defendants may be found and/or transact business in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

4. This Court has personal jurisdiction over Defendants. Specifically, Defendants have engaged in direct, contributory, vicarious, and/or otherwise induced acts of copyright infringement in this judicial district. Further, Defendants have engaged in continuous and systematic business in California and, upon information and belief, derive substantial revenues from commercial activities in California. Plaintiff is informed and believes and, upon such, alleges that Defendants have also engaged in a multiplicity of acts directed toward California, including without limitation: soliciting and engaging in numerous commercial transactions with California users, operating highly interactive websites, publishing advertisements on www.barstoolsports.com, cdn.barstoolsports.com, and cdn.barstoolsports.net (the "Websites") geo-targeted to California users, and using the lure of infringing materials to openly encourage California users to visit the

Websites.  As a result, there is a direct and substantial nexus between Plaintiff's claims in this case and Defendants' transaction of business with their California users.

## PARTIES

5. Plaintiff Lickerish, Inc. is a California corporation with its offices and principal place of business in Rancho Palos Verdes, California.

6. Plaintiff is informed and believes and, upon such, alleges that Defendant Barstool Sports, Inc. is a Massachusetts corporation with its principal place of business in New York City, New York.

7. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

### *The Photos Forming the Subject Matter of This Dispute*

8. Lickerish is a high quality photographic syndication company that specializes in celebrity portraiture, fashion, and beauty images.  Their works feature some of the most recognizable individuals in the world.

9. Mr. Christopher Lane is a noted international photographer whose work focuses on documentary and portrait photography.  Over the years, he has developed his own unique and unmistakable style, and his work has been featured in numerous magazines and advertising campaigns, including *Guardian Magazine*, *London Times Magazine*, *ESPN Magazine*, *Fortune Magazine*, *New York Magazine*, *and New York Times Magazine*, among others.  As a renowned photographer in the top of his

1  profession, Mr. Lane enjoys high demand for his work and he regularly commands
2  significant licensing fees for the use of his photographs.
3        10.    Amongst the hundreds of works that Mr. Lane has authored is a shot of
4  American actress Mila Kunis (hereinafter, "the Kunis Photo"), which forms the
5  subject matter of this suit and is attached hereto as **Exhibit A**. This Photo has been
6  licensed for significant monetary consideration by major entities that respect
7  intellectual property rights and the craft reflected in, and economic value provided
8  by, Mr. Lane's work.
9        11.    The Kunis Photo was registered with the United States Copyright
10 Office on or about June 29, 2012 under registration number VA 1-833-167.
11       12.    The Kunis Photo, and all rights, title and interests therein, including the
12 copyrights therein, was assigned by Mr. Lane to Plaintiff Lickerish effective on or
13 about September 25, 2019.
14       13.    Mr. Stephan Wurth is a prominent fine art photographer known for his
15 evocative and striking images of both people and settings. Over the years, he has
16 developed his own unique and unmistakable style, and his work has been featured in
17 numerous magazines and advertising campaigns, including *Vogue*, *The New York*
18 *Times*, *Porter Magazine*, *GQ*, *Playboy*, *Esquire*, and *Sports Illustrated Swimsuit*
19 *Edition*, among others. As a renowned photographer in the top of his profession,
20 Mr. Wurth enjoys high demand for his work and he regularly commands significant
21 licensing fees for the use of his photographs.
22       14.    Amongst the many works that Mr. Wurth has authored is a shot of
23 former professional tennis player and American television personality Anna
24 Kournikova (hereinafter, "the Kournikova Photo"), which forms the subject matter
25 of this suit and is attached hereto as **Exhibit B**. This Photo has been licensed for
26 significant monetary consideration by major entities that respect intellectual
27 property rights and the craft reflected in, and economic value provided by, Mr.
28 Wurth's work.

15. The Kournikova Photo was registered with the United States Copyright Office on or about August 6, 2015 under registration number VA 1-979-864.

16. The Kournikova Photo, and all rights, title and interests therein, including the copyrights therein, was assigned by Mr. Wurth to Plaintiff Lickerish effective on or about September 7, 2019.

### *The Defendants and Their Infringing Activities*

17. Plaintiff is informed and believes and, upon such, alleges that Defendants own and operate the commercial websites located at www.barstoolsports.com, cdn.barstoolsports.com, and cdn.barstoolsports.net (the "Websites"). According to www.barstoolsports.com, "Barstool Sports is a sports & pop culture blog covering the latest news and viral highlights of each and everyday with blogs, videos and podcasts."

18. According to Alexa.com, the website www.barstoolsports.com is listed in the top 751 domestically and in the top 4,098 globally in terms of traffic rankings as of October 7, 2019.

19. Plaintiff is informed and believes and, upon such, alleges that the Websites generate significant revenue from the sale of advertising.

20. Despite Defendants' economic resources and sophistication on basic matters of intellectual property law, Defendants have, on information and belief, violated federal law by willfully infringing the copyrights of Lickerish on the Websites. Specifically, Defendants have reproduced, distributed and publicly displayed the Kunis Photo, and derivatives thereof, in both smaller and clickable, high-resolution formats on the Websites without permission, consent, or license from Lickerish, the rightsholder to the Kunis Photo True and correct screencaptures thereof are attached hereto as **Exhibit C**.

21. In addition, Defendants have reproduced, distributed and publicly displayed the Kournikova Photo, and derivatives thereof, in both smaller and

5
**COMPLAINT**

clickable, high-resolution formats on the Websites without permission, consent, or license from Lickerish, the rightsholder to the Kournikova Photo. True and correct screencaptures thereof are attached hereto as **Exhibit D**.

22. In the marketplace, celebrity photographs such as those at issue in this case carry tremendous monetary value. Lickerish crafts images of celebrities at a significant cost and licenses these images to various third parties to create highly sought after feature spreads and/or advertising online and offline. The exclusive nature of the Kunis Photo and the Kournikova Photo had substantial monetary value for their author and owner, which was irreparably harmed by the actions of Defendants.

23. On information and belief, Defendants herein have driven massive traffic to their web properties in part due to the presence of the sought after and searched-for celebrity images. All of this traffic translates into significant ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

24. Barstool Sports and its owners are sophisticated users of intellectual property and they possess full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content for commercial exploitation. Their entire revenue-generation model depends on luring internet users to their Websites with their third-party content, which consists largely of high resolution photographs of celebrities, and then selling companies advertising space on their site based on their web traffic numbers. Since they regularly make use of copyrighted content and have been in the business of operating the websites for over ten years, Barstool Sports and its owners are fully aware of the need to clear uses of photographs by obtaining permission from, and making payment to, copyright holders. Despite this fact, they have repeatedly faced litigation for their failure to secure appropriate licenses for copyrighted content and this suit only forms part of a pattern of repeated willful misconduct and wanton flouting of the law.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

25. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 24 above.

26. Lickerish is the owner of the copyrights to the Kunis Photo and the Kournikova Photo (together "Photos"), which substantially consist of material wholly original with its authors and which are copyright subject matter under the laws of the United States. Lickerish has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office.

27. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Lickerish's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade in violation of 17 U.S.C. § 501 et seq.

28. Defendants have willfully infringed, and unless enjoined, will continue to infringe Lickerish's copyrights by knowingly reproducing, displaying, distributing and utilizing the Photos for purposes of trade.

29. Defendants have also knowingly induced, caused or materially contributed to the infringing conduct of third parties and/or have obtained a direct financial benefit therefrom while possessing the right and ability to control the infringing conduct of third parties.

30. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photos for purposes of trade.

31. All of the Defendant's acts are and were performed without the permission, license or consent of Lickerish.

32. The said wrongful acts of Defendants have caused, and are causing, great injury to Lickerish, which damage cannot be accurately computed, and unless

this Court restrains Defendants from further commission of said acts, Lickerish will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Lickerish seeks a declaration that Defendants are infringing Lickerish's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Lickerish's copyrights.

33.  As a result of the acts of Defendants alleged herein, Lickerish has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all products and services (including advertising and promotional materials, print media, signs, internet web sites, or any other media related thereto), either now known or hereafter devised, that infringe, contributorily infringe, vicariously infringe, or induce infringement of Plaintiff's copyrights in and to the Photos.

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Lickerish's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or

vicariously infringe upon Lickerish's copyrights in the Photos as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Lickerish for all damages suffered by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Lickerish's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c).

6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505.

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: October 16, 2019        **ONE LLP**

By: /s/ John Tehranian
    John Tehranian
    Robert D. Hunt

    Attorneys for Plaintiff
    LICKERISH, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: October 16, 2019            **ONE LLP**

By: /s/ John Tehranian
John Tehranian
Robert D. Hunt

Attorneys for Plaintiff
LICKERISH, INC.